**BRITISH–AMERICAN OIL PRODUCING CO. v. BALTIMORE TRUST CO. et al.**

No. 4492.

Circuit Court of Appeals, Fourth Circuit.

June 21, 1939.

Valjean Biddison, of Tulsa, Okl. (Hilary W. Gans, Joseph T. Brennan, and Brown & Brune, all of Baltimore, Md., on the brief), for appellant.

G. Ridgely Sappington, of Baltimore, Md. (J. Cookman Boyd, J. Cookman Boyd, Jr., and D. Heyward Hamilton, Jr., all of Baltimore, Md., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and HENRY H. WATKINS, District Judge.

PER CURIAM.

This case turns upon the interpretation of a contract of December 30, 1929 whereby the Interocean Oil Company agreed to sell to the British American Oil Producing Company certain oil producing property for the sum of $900,000. The seller agreed to pay the obligations of itself and certain predecessors in title, and to discharge and free the property from liens. It was agreed that the parties should cause to be deposited in a bank, together with a copy of the contract, the sum of $75,000 out of the total money consideration, the sum deposited to remain in escrow for a period of ninety days as a guarantee for the payment of the obligations of the seller, the said sum of $75,000 to be at all times available to a vice president of the seller for the payment of obligations incurred in the use, development and operation of the property prior to December 1, 1929.

During the ninety day period, obligations of the seller in the aggregate amount of $37,313.18 were paid out of the deposit, and at the expiration of the escrow period, the balance thereof was paid to the trustee to whom the seller had previously conveyed its property to secure an issue of 7% bonds in the amount of $2,000,000, of which $1,850,000 were outstanding and unpaid when the present controversy arose. This trustee, by endorsement on the contract, consented thereto and agreed to release the property upon the payment to it of the purchase price of $900,000, subject, however, to the contract provision above set forth as to the $75,000. The balance of $37,686.82, remaining after the expiration of the ninety day period, was paid on demand by the vice president of the seller to the trustee; and thereafter, at the request of the vice president, who had in the meantime become an employee of the buyer, the trustee agreed to hold the fund of $75,000 for a further period of ninety days during which period some additional payments were made, and after the expiration of the extended period, certain other payments were made, the last on July 14, 1930. It does not appear by what authority the trustee made these payments.

Thereafter, the balance of the fund amounting to $31,058.70 was retained by

292

the trustee, and remained in its hands on the 26th day of June, 1933, when this matter was brought to the attention of the court by the petition of the buyer.. The buyer claims that it is entitled to receive this fund by reason of certain obligations of the seller, which matured or were definitely ascertained subsequent to the last payment by the trustee out of the fund as aforesaid. The basis of the buyer's claim in substance is that it was the intention of the parties to the contract that the fund should be used for the payment of the obligations of the seller not only during but after the expiration of the ninety day period, because the contract provided that the fund should be at all times available to the vice president of the seller for this purpose. We are in accord with the conclusions of the District Judge, Baltimore Trust Co. v. Interocean Oil Co., D.C., 26 F.Supp. 817, 818, that this is not a proper interpretation of the contract, but that the phrase "at all times available" must be read in connection with the phrase "for a period of ninety (90) days from December 21, 1929" which appears in the same clause of the contract. In other words, it was the intention of the parties that the fund was to be available to the vice president of the seller for the payment of obligations at all times during the period of ninety days. Thus considered, the provision of the contract does not present any ambiguity, and that it is a reasonable provision sufficiently appears from the fact that the contract was made subject to the consent of the trustee in the bond mortgage. It cannot be supposed that the trustee, as representative of the bondholders, would consent to the retention of the fund in escrow for a period of time that was indefinite and without limit. The evidence shows that the buyer was not only safeguarded by the deposit of the fund of $75,000 for this period, but also by the fact that at the time of the sale, the seller was regarded as solvent.

While we regard the clause of the contract under consideration as free from ambiguity, we are also of the opinion, for the reasons given by the District Judge, that the circumstances under which the contract was made indicate that it was the intention of the parties that the fund in escrow should be held for the period of ninety days, and thereafter paid to the trustee for the benefit of the bondholders.

Affirmed.